| | |
|---|---|
| STATE OF SOUTH DAKOTA | IN CIRCUIT COURT |
| COUNTY OF MEADE | FOURTH JUDICIAL CIRCUIT |

| | |
|---|---|
| MARC JAMISON, <br><br> Plaintiff, <br><br> vs. <br><br> GREENWICH BALLISTICS LLC, <br><br> Defendant. | Civ. _____ <br><br> **COMPLAINT** |

COMES NOW Marc Jamison, by and through undersigned counsel, and for his Complaint against Defendant, states and alleges as follows:

1. Jamison International V, LLC (hereinafter "Jamison") is a limited liability company organized and existing under the laws of the state of South Dakota, with its principal place of business in Sturgis, South Dakota.

2. Jamison is owned by two members, Plaintiff Marc Jamison ("Marc" or "Plaintiff"), and Defendant Greenwich Ballistics, LLC ("Greenwich").

3. Marc owns approximately 36% of the membership interest of Jamison and Greenwich owns approximately 64% of the membership interest of Jamison.

4. Upon Plaintiff's information and belief, Greenwich is a Delaware limited liability company which is solely owned and managed by Mr. Corey Kupersmith (hereinafter "Kupersmith"), who is a resident of Connecticut.

5. Upon Plaintiff's information and belief, Kupersmith also has the controlling ownership of CheyTac, LLC ("CheyTac"), an Idaho limited liability company located in Arco, Idaho.

6. At its inception Jamison was in the business of manufacturing ammunition cases of various caliber for various customers throughout the country.

7. Jamison employs 16 full-time and 1 part-time employees.

8. Jamison has an annual payroll of approximately $416,000.00.

*Marc Jamison v. Greenwich, LLC*
*Complaint*

Civ _____

9.  The members of Jamison have operated under an operating agreement since approximately 2004.

10. Under the operating agreement Plaintiff has limited managing authority.

11. Other than the managerial authority granted to Plaintiff, all other managerial authority of Jamison is reserved to members holding a majority of the membership interest in Jamison, which is Greenwich/Kupersmith.

12. CheyTac engages in the business of manufacturing and marketing rifle firearms.

13. Part of the business of Jamison is manufacturing ammunition for various caliber rifles produced by CheyTac.

14. Since its inception, Greenwich through Kupersmith, his agents and/or the entities controlled by him have engaged in a process of eliminating all Jamison product lines for other customers except for cases and ammunition manufactured for CheyTac firearms.

15. At the direction of Greenwich, Kupersmith, their agents or the entities controlled by them Jamison was limited to manufacturing cases and ammunition exclusively for CheyTac, and was specifically forbidden from producing cases for other customers.

16. At the direction of Greenwich, Kupersmith, their agents and/or entities controlled by them, the CheyTac product produced by Jamison was sold to CheyTac for below market price to the detriment of Jamison.

17. At the direction of Greenwich, Kupersmith, their agents or the entities controlled by them, Jamison has received various orders for CheyTac cases and ammunition.

18. The amount of cases and ammunition required by CheyTac was not enough production for Jamison to maintain profitability.

19. Many of the CheyTac orders were placed without the intention on the part of Kupersmith, his agents and/or entities controlled by him, of paying the invoice price for the same.

20. Greenwich, Kupersmith, their agents and/or the entities controlled by them have systematically "starved" Jamison from operating capital by directing Jamison to produce and ship ammunition to CheyTac or to CheyTac customers, but without paying Jamison full invoice price for the same.

21. As of the filing of this Complaint, Jamison has produced and is holding approximately $257,000.00 completed or partially completed CheyTac cases and ammunition,

2

*Marc Jamison v. Greenwich, LLC*
*Complaint*

produced at the direction of Kupersmith, his agents and/or the entities controlled by him, which they have failed and refused to pay Jamison for.

22. At the direction of Greenwich, Kupersmith, their agents and/or the entities controlled by them, Jamison has manufactured, shipped and invoiced approximately $92,000.00 worth of CheyTac product to CheyTac which invoices remain due and owing.

23. Greenwich, Kupersmith, their agents and/or the entities controlled by them, have incurred debt on behalf of Jamison of approximately $200,000.00 which debt was unnecessary and had no tangible benefit to Jamison.

24. At all times relevant, Greenwich/Kupersmith has engaged in self-dealing in favor of Kupersmith and/or the entities controlled by him, to the detriment of Plaintiff.

25. At all times relevant, Greenwich/Kupersmith has engaged in co-mingling of Jamison assets with the assets of Kupersmith and/or the entities controlled by him, to the detriment of Plaintiff.

26. As a result of the conduct by Greenwich, Kupersmith, their agents and/or the entities controlled by them, Jamison has not been able to meet its obligations arising out of operations.

27. At various times, when Jamison was in need of cash for operating expenses Greenwich, Kupersmith, their agents or the entities controlled by them, would provide needed eleventh-hour cash sufficient to meet current obligations to keep the doors open, but no more.

28. As a result of the conduct by Greenwich, Kupersmith, their agents and/or the entities controlled by them, Jamison was unable to meet its tax obligations to the Internal Revenue Service and incurred a tax arrearage of approximately $35,000.00, which remains unpaid.

29. As a result of the conduct by Greenwich, Kupersmith, their agents and/or the entities controlled by them, Jamison has been unable to meet its rent obligation on the premises that houses the operations. Jamison currently owes approximately $60,000.00 in back rent to its landlord, Sturgis Economic Development Corporation ("SEDC").

30. As of the filing of this Complaint, SEDC has given Jamison Notice to Quit the premises and is proceeding to evict Jamison from the premises.

31. Through their conduct, Kupersmith, his agents, and/or the entities controlled by him, have damaged the business reputation of Jamison within the ammunition production industry, to the detriment of Plaintiff.

3

*Marc Jamison v. Greenvich, LLC*  Civ. _____
*Complaint*

32. Upon information and belief, Kupersmith and/or Greenwich through the device of withholding payment for product by CheyTac, and then contributing their own monies to Jamison to meet Jamison's obligations, are attempting to alter the relative percentages of ownership between the members of Jamison.

## FIRST CAUSE OF ACTION

33. Plaintiff incorporates paragraphs 1 through 30 as if set forth herein in full.

34. That Defendant Greenwich's/Kupersmith's conduct as set forth herein is wrongful conduct that has adversely and materially affected business of Jamison.

35. That Greenwich/Kupersmith has willfully or persistently committed a material breach of the duty owed to Plaintiff under SDCL 47-34A-409.

36. That Greenwich/Kupersmith has engaged in conduct relating to Jamison's business which makes it not reasonably practicable for Plaintiff to carry on the business with Greenwich/Kupersmith.

37. That Greenwich should be expelled from Jamison under SDCL 47-34A-601(6).

## SECOND CAUSE OF ACTION

38. Plaintiff incorporates paragraphs 1 through 37 as if set forth herein in full.

39. By virtue of its position as the majority membership interest holder of Jamison, Greenwich/Kupersmith stands in a fiduciary relationship with Plaintiff, and Greenwich/Kupersmith owes to Plaintiff the obligation of good faith, fair dealing, and full disclosure as well as a duty of loyalty.

40. Greenwich's/Kupersmith's fiduciary obligations require Greenwich/Kupersmith to protect the interest of Plaintiff and to refrain from any conduct that would injure the Plaintiff and to exercise the highest obligation of good faith and fair dealing when entering into transactions affecting Jamison and to engage in transactions that are fair to Jamison, including the fiduciary obligation to avoid any conflict between Greenwich's/Kupersmith's duty to Jamison and Greenwich's/Kupersmith's own self interest and disclose to all members all facts, germane or otherwise, regarding any proposed transactions involving Jamison.

41. By reason of the acts, practices and courses of conducts set forth above, Greenwich/Kupersmith failed to exercise its fiduciary obligations towards Plaintiff and has breached its fiduciary obligations to Plaintiff.

4

Marc Jamison v. Greenwich, LLC
Complaint

Civ.

42. Greenwich/Kupersmith's breach of fiduciary obligations has caused Plaintiff to suffer damages which are recoverable in this action.

WHEREFORE, Plaintiff requests judgment:

1. Expelling Greenwich from membership in Jamison International V, LLC;

2. Determining the fair value of Greenwich's membership interest in Jamison to be paid by Plaintiff upon Greenwich's expulsion;

3. Ordering Greenwich to account to Plaintiff for all LLC transactions and for all profits received from transactions since the date of the inception of the LLC;

4. Awarding Plaintiff damages caused him by defendant's wrongful conduct;

5. Granting Plaintiff his costs and disbursements of this action; and

6. For such other and further relief as the Court may deem just and equitable in the premises.

Dated this 23 day of June, 2010.

GREGORY J. BERNARD
Attorneys for Plaintiff
THOMAS BRAUN BERNARD & BURKE, LLP
4200 Beach Drive, Suite 1
Rapid City, SD 57702
(605) 348-7516

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE TO A JURY**

5